B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of Mississippi

In re  JOHN DAVID KING _____ ,                Case No. __6-23-BK-50922____

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

__Flowering Peach BK LLC_____              1ST FRANKLIN FINANCIAL CORPORATION
Name of Transferee                              Name of Transferor

Name and Address where notices to transferee        Court Claim # (if known): _____1_____
should be sent:  Flowering Peach BK LLC             Amount of Claim: ____5,035.92____
                 PO Box 1149                        Date Claim Filed: ____6/30/2023____
                 Grapevine Tx 76099

Phone: __(866) 831-5954_____              Phone: __(844) 450-8777_____
Last Four Digits of Acct #: _____3067____    Last Four Digits of Acct. #: ____3067____

Name and Address where transferee payments
should be sent (if different from above):
                 PERITUS PORTFOLIO SERVICES II, LLC
                 PO Box 1149
                 Grapevine, Tx  76099
Phone: __(866) 831-5954_____
Last Four Digits of Acct #:_____3067____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/Steve Hornbeck_____              Date:__8/12/2025_____
        Transferee/Transferee's Agent

*Penalty for making a  false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

Docusign Envelope ID: D619E2E2-B776-4426-AFDB-DF8B612A9017

## EXHIBIT 3

## BILL OF SALE AND ASSIGNMENT

**KNOW ALL MEN BY THESE PRESENTS,** that the undersigned 1st Franklin Financial Corporation ("Seller"), for good and valuable consideration, the receipt of which is hereby acknowledged, does by these presents, assign, sell, transfer, convey, and set over to Flowering Peach BK, LLC ("Buyer"), its successors and assigns, all rights, title and interest in and to certain receivables (the "Accounts"), related documents evidencing a security interest, liens or other security instruments or encumbrances executed, filed and/or created in conjunction with collateral securing the Accounts. Such Accounts are referred to as the Accounts in the Purchase and Sale Agreement between Assignor and Assignee and dated November 22nd, 2024.

This Assignment is made without recourse or warranty except as otherwise provided in the Agreement executed by Assignor and Assignee with regard to the Accounts and other rights, privileges and documentation referred to herein.

Dated November 22nd[h], 2024

SELLER

By:

Company: 1st Franklin Financial Corporation
Name: Gary McQuain
Title: Chief Operating Officer

DocuSign Envelope ID: 8135D13B-4CD4-4683-8620-E891281575F0

## <u>Limited Power of Attorney in Connection with Accounts in Bankruptcy Proceedings</u>

1.  <u>Designation</u>.  Flowering Peach BK, LLC, a Delaware Limited Liability Company (the "<u>Principal</u>"), with its principal place of business at 9121 Jacobia Ave SE, Snoqualmie, WA, 98065, by and through Bryan Waters, its Officer, hereby designates Peritus Portfolio Services II, LLC, a Delaware limited liability Company, with its offices at 433 E. Las Colinas Blvd., Irving, TX 75039 as its attorney-in-fact for the Principal for the limited purposes and subject to the terms and duration herein set forth herein (the "<u>Attorney-in-Fact</u>").

2.  <u>Effective Date; Duration</u>.  This limited power of attorney shall become effective upon execution by the Principal, to remain effective for the limited purposes set forth below until the duration of said limited power of attorney expires.

3.  <u>Powers</u>.  The Attorney-in-Fact shall have the power to act in the place and stead of the Principal, solely for the following purposes:

    (a)  In connection with any bankruptcy proceedings under Chapter 7, 11, 12, or 13 of the U.S. Bankruptcy Code involving Bankruptcy Receivables and other assets subject to the Asset Servicing Agreement dated February 12, 2024 between Principal and Attorney-in-Fact (the "Asset <u>Servicing Agreement</u>"), filing in the applicable U.S. bankruptcy courts, and amending and withdrawing, proofs of claim on behalf of the Principal, and prosecuting, defending and settling any such claim in the relevant proceedings, in each case pursuant to the authority conferred upon the Attorney-in-Fact under the Asset Servicing Agreement and subject to the terms and conditions set forth therein; and

    (b)  Sign, seal execute, deliver and acknowledge all written instruments and do and perform each and every act and thing whatsoever that may be necessary and proper to be done in or about the exercise of the power and authority granted to the Attorney-in-Fact pursuant to <u>Section 3(a)</u> herein as fully to all intents and purposes as the Principal might or could do if personally present through a designated representative.

4.  <u>Termination</u>.  This power of attorney shall automatically terminate on the date on which the Asset Servicing Agreement expires or is terminated and may be terminated at any time by the Principal upon five (5) days prior written notice to the Attorney-in-Fact.

5.  <u>Exercise of Powers</u>.  Attorney-in-Fact shall exercise the foregoing powers in the name of the Principal as the Principal's attorney-in-fact and not in its own name.

6.  <u>Accounting</u>.  Upon request of the Principal, the Attorney-in-Fact shall account for all actions taken by the Attorney-in-Fact for or on behalf of the Principal.

7.  <u>Reliance</u>.  The Attorney-in-Fact and all persons dealing with the Attorney-in-Fact shall be entitled to rely upon this limited power of attorney so long as neither the Attorney-in-Fact, nor any person with whom the Attorney-in-Fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of this limited power of attorney by revocation or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the Principal and any assigns or transferee of the Principal.

DATED effective as of **February 12, 2024**.

**Flowering Peach BK, LLC**

By: Bryan Waters

Its:  Officer

DocuSign Envelope ID: 8135D13B-4CD4-4683-8620-E891281575F0

**Peritus Portfolio Services II, LLC**

By: _Gary Perdue_       Gary Perdue

     Its: <u>President</u>

## EXHIBIT E

### WAIVER OF NOTICE OF CLAIM

1st Franklin Financial LLC ("Transferor") has sold and assigned certain claims to Flowering Peach BK LLC ("Transferee"). Pursuant to a Motor Vehicle Finance Contract Sale and Purchase Agreement, dated  November 22, 2024 Transferee is a corporation organized under the laws of the State of Texas, maintaining a place of business at 433 E Las Colinas Blvd, Suite 475, Irving TX. 75039.  Said claims arise from automobile Contracts as listed on Exhibit A-1 ("Contracts") issued to individuals who have filed petitions commencing cases under the U.S. Bankruptcy Code.

Transferor consents to the attachment of a copy of this Waiver of Notice of Transfer of Claim to a Notice of Claim filed by Transferor pursuant to Federal Rule of Bankruptcy Procedure 3001 (e) (2).  Transferor specifically waives the right to receive notice of and object to the filing of the Notice of Claim.  Transferor requests that Transferee be substituted for Transferor immediately upon Notice of Transfer of Claim.

A copy of this Waiver shall have the same force and effect as the original.

IN WITNESS WHEREOF, Transferor has executed this Waiver by and through its duly authorized officer the 6th day of January 2025

By: _____

Name _PATRICK KENNY_